UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN ZEIGLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-13384-IT |
| | * | |
| ATRIUS HEALTH, INC., | * | |
| CHRISTOPHER JOSEPH, and | * | |
| MICHAEL RATER, | * | |
| | * | |
| Defendants. | * | |

ORDER

July 22, 2016

TALWANI, D.J.

Before the court are the following motions brought by Plaintiff: his Motion for Leave to File Second Amended Complaint [#35], Motion for Leave to Serve Four Interrogatories and Two Requests for Production of Documents [#50], and Motion for Leave to Extend Fact Discovery Deadlines [#52]. For the reasons below, Plaintiff's motion for leave to file a second amended complaint is denied, but fact discovery is extended to August 25, 2016, in the manner described in this Order.

I.   Motion for Leave to Amend

Plaintiff's Motion for Leave to File Second Amended Complaint [#35] is DENIED. Plaintiff seeks to amend his complaint to change his claim for medical malpractice against Defendant Rater—Count Three—to a claim for common law negligence. See Am. Compl. [#30]; Proposed Second Am. Compl. [#36-1]. Plaintiff's motion comes well after February 28, 2016, the date after which "[e]xcept for good cause shown, no motions seeking leave . . . to amend the pleadings or assert new claims or defenses may be filed." Scheduling Order [#29]. The court

finds that Plaintiff has not established good cause for the late amendment.

Plaintiff argues that counsel learned from the May 4, 2016 deposition of Michael Rater that there was no physician-patient relationship between Plaintiff and Dr. Rater. Where "an employer retains a physician to examine employees, generally no physician-patient relationship exists between the employee and the doctor." Bratt v. Int'l Bus. Machs. Corp., 467 N.E.2d 126, 136 n.21 (Mass. 1984). The facts as to the absence of a physician-patient relationship do not appear, however, to have been in dispute. Amended Complaint ¶¶ 30-31 [#30] (alleging that Atrius Health, Inc. ("Atrius") ordered Plaintiff to undergo a psychiatric examination by Dr. Rater, a psychiatrist selected by Atrius); Answer Def. Atrius Health, Inc. & Christopher Joseph ¶¶ 30-31 [#34] (admitting that Atrius contacted SCOPE medical to arrange for an independent medical examination, and that that examination was performed by Dr. Rater); Answer Def. Michael Rater ¶¶ 30-31 [#31] (admitting that he performed the requested independent medical examination). That the deposition did not occur until May 4, 2016, and thus provides no justification for the late amendment.

Plaintiff argues that the amendment would constitute a mere change in the name of the cause of action and would not require the taking of any additional discovery. The amendment, however, would require the convening of a new medical malpractice tribunal and delay the progress of this case. On November 23, 2015, this court referred the medical malpractice claim to the Suffolk County Superior Court for a medical malpractice tribunal. Order [#24]. The tribunal set a hearing to take place on May 11, 2016 and a deadline of May 4, 2016, for the Plaintiff to file its Offer of Proof. Opp'n Mot. Leave File Second Am. Compl., Ex. B [#49-2] (Order of Tribunal Hearing). Plaintiff did not file his Offer of Proof by May 4, and on May 10, 2016, the day before the tribunal hearing was to take place, Plaintiff advised Defendant Rater

that he would be dismissing the medical malpractice claim, obviating the need for the scheduled hearing. Id. Ex. E [#49-5] (Email from A. Khorsand to R. Bouley).

If Plaintiff were allowed to amend his claim, the medical malpractice tribunal process would have to begin anew, as a claim of general professional negligence against a medical professional acting in his or her capacity as a medical professional requires referral to a tribunal —even if the claim is not a medical malpractice claim, and even if there is no physician-patient relationship between the plaintiff and the medical professional. See Santos v. Kim, 706 N.E.2d 658, 660-61 (Mass. 1999) (referral to medical malpractice tribunal does not depend on presence of physician-patient relationship where suit is brought against medical provider in his capacity as a medical provider). The law appears settled that even the amended claim against Defendant Rater would require referral to the medical malpractice tribunal. See, e.g., Lambley v. Kameny, 682 N.E.2d 907, 913 (Mass. App. Ct. 1997) (holding that it was proper to refer to medical malpractice tribunal job applicant's suit against psychiatrist who examined applicant at prospective employer's request).

For these reasons, Plaintiff is unable to show good cause and his motion to amend is DENIED.

## II. Motions for Additional Discovery

Plaintiff's Motion for Leave to Serve Four Interrogatories and Two Requests for Production of Documents [#50] is ALLOWED IN PART and DENIED IN PART for the reasons stated in open court.

Plaintiff may propound the following modified Interrogatory 26: Identify only by age all Atrius employees who worked under Defendant Joseph who were allowed to work remotely during days on which one-on-one meetings with Joseph were scheduled, from 2010 to the

present.

Plaintiff may not propound Interrogatory 27 but can obtain that information from the Rule 30(b)(6) deposition of Atrius.

Plaintiff may propound the following modified Interrogatory 28: Identify all Atrius Technology Department employees—by age, and FMLA/ADA request status—of any FMLA and/or ADA work accommodations where there were allegations of workplace threats or violence, from 2010 to the present.

Plaintiff may propound Interrogatory 29.

Plaintiff may not propound Request for Production 154.

Plaintiff may propound Request for Production 155.

Atrius shall respond to the interrogatories and document requests before the Rule 30(b)(6) deposition of Atrius.

Plaintiff's Motion for Leave to Extend Fact Discovery Deadlines [#52] is ALLOWED IN PART and DENIED IN PART. In this motion, Plaintiff seeks to take the depositions of Dale Rubino and Christopher Diguette, and the Rule 30(b)(6) deposition of Atrius. For the reasons stated in open court, the court allows Plaintiff to take those depositions with the following limitations: (a) the deposition of Dale Rubino must take place by August 10, 2016; (b) the deposition of Christopher Diguette must occur by August 10, 2016, and the deposition is limited to four hours; (c) the deposition of Atrius must take place by August 25, 2016.

III.  Further Discovery Deadlines

As to further deadlines, the court orders as follows:

1. Plaintiff's trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by, August 10, 2016.

2. Defendants' trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by, September 9, 2016.

3. Unless otherwise agreed to in a joint briefing schedule filed with the court, Defendants Atrius and Joseph must file any dispositive motions by thirty days after the Rule 30(b)(6) deposition of Atrius. In advance of filing any dispositive motions, Defendants must contact Plaintiff's counsel.

IT IS SO ORDERED.

July 22, 2016                                                                  /s/ Indira Talwani
                                                                               United States District Judge