UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN ZEIGLER,                          *
                                       *
            Plaintiff,                 *
                                       *
      v.                               *
                                       *      Civil Action No. 15-cv-13384-IT
ATRIUS HEALTH, INC.,                   *
CHRISTOPHER JOSEPH, and                *
MICHAEL RATER,                         *
                                       *
            Defendants.                *

ORDER

November 28, 2017

TALWANI, D.J.

      Before the court is Defendant Michael Rater's Renewed Motion for Entry of Separate

and Final Judgment [#162]. Dr. Rater's motion seeks entry of a final judgment pursuant to

Federal Rule of Civil Procedure 54(b), which provides that "[w]hen an action presents more than

one claim for relief . . . or when multiple parties are involved, the court may direct entry of a

final judgment as to one or more, but fewer than all, claims or parties."

      Plaintiff Alan Zeigler's Amended Complaint [#30] asserted claims against Dr. Rater for

medical malpractice and libel. It also asserted claims against Atrius Health, Inc., ("Atrius") and

Christopher Joseph for age discrimination and retaliation in violation of the Age Discrimination

in Employment Act ("ADEA"), retaliation in violation of the Family and Medical Leave Act

("FMLA"), and constructive discharge. The court recently allowed Dr. Rater's Motion for

Summary Judgment [#102].[1] See Order [#159]. The court later allowed in part and denied in part a Motion for Summary Judgment [#107] filed by Atrius and Joseph. See Order [#164]. This latter order denied summary judgment on the ADEA claims against Atrius and the FMLA claim against both Atrius and Joseph. Those claims will now be tried before a jury.

Entry of a final judgment as to fewer than all claims or parties is warranted "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The First Circuit has cautioned that "[t]his procedure, though sometimes useful, is in obvious tension with the 'long-settled and prudential policy against the scattershot disposition of litigation.'" Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012) (quoting Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988)). Rule 54(b) entry of final judgment "should be applied sparingly." Id.

The circumstances here do not warrant the fragmented appellate review that Rule 54(b) authorizes. Dr. Rater asserts there is no just reason for delay. Yet Zeigler notes that the remaining claims against Atrius will involve many of the same facts as the recently dismissed libel claim against Dr. Rater. Atrius claims it relied upon Dr. Rater's fitness-for-duty reports, which formed the basis of Zeigler's libel claim against Dr. Rater, to justify its decision to place Zeigler on administrative leave. This placement forms the basis of at least some of the surviving claims against Atrius and Joseph. Therefore, Atrius will use Dr. Rater's testimony and reports to defend against Zeigler's claims. As the First Circuit has held, "similarity of either legal or factual issues (or both) militates strongly against invocation of Rule 54(b)." Spiegel, 843 F.2d at 45.

Granting Dr. Rater's requested Rule 54(b) certification would conflict with "the strong judicial policy disfavoring piecemeal appellate review." Kersey v. Dennison Mfg. Co., 3 F.3d

---

[1] This disposed of the libel claim, which was the last remaining claim against Dr. Rater. A prior Stipulation of Dismissal with Prejudice [#71] dismissed the medical malpractice claim.

482, 487 (1st Cir. 1993); see also Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706-07 (1st Cir. 1996). Accordingly, Dr. Rater's motion is DENIED.

      IT IS SO ORDERED.

November 28, 2017                             /s/ Indira Talwani
                                           United States District Judge