UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN ZEIGLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-cv-13384-IT |
| ATRIUS HEALTH, INC., | * | |
| CHRISTOPHER JOSEPH, and | * | |
| MICHAEL RATER, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER
September 5, 2018

TALWANI, D.J.

Pending before this court is Defendant Atrius Health, Inc.'s ("Atrius Health") Motion for Partial Summary Judgment as to Count Seven of the Second Amended Complaint [#193]. Atrius Health argues that Plaintiff Alan Zeigler's claim of disability discrimination is barred for failing to timely file this claim with the Massachusetts Commission Against Discrimination ("MCAD"). For the following reasons, Atrius Health's motion is DENIED.

I.  Background

Zeigler is a former employee of Atrius Health. In July 2015, Zeigler filed a charge of discrimination with the MCAD, alleging that Atrius Health discriminated against him on the basis of his age. Def. Atrius Health, Inc.'s Statement of Undisputed Facts Relevant to Count Seven ("Def.'s SOF") ¶ 1 [#194]; Pl.'s Statement of Disputed Facts ("Pl.'s SOF") ¶ 1 [#200]. On August 24, 2015, Atrius Health sent Zeigler a letter, confirming an August 20, 2015, telephone conversation between Zeigler and Atrius Health's human resources director, during which Atrius Health notified Zeigler that he would be placed on a three-month unpaid leave of absence. Def.'s

1

SOF ¶ 2 [#194]; Pl.'s SOF ¶ 2 [#200]; Def.'s Mot. Summ. J. ("Def.'s Mot.") Ex. 1 [#194-1]. On that same day, Zeigler filed another MCAD complaint, alleging that Atrius Health retaliated against him for filing his first MCAD complaint. Def.'s SOF ¶ 3 [#194]; Pl.'s SOF ¶ 3 [#200].

In September 2015, Zeigler filed his Complaint [#1] in this action, alleging that Atrius Health retaliated against him for asserting his rights under the Family Medical Leave Act by placing him on unpaid leave on August 20, 2015. On October 24, 2015, Zeigler submitted his resignation to Atrius Health. Def.'s SOF ¶ 6 [#194]; Pl.'s SOF ¶ 6 [#200]; Def.'s Mot. Ex. 3 [#194-1]. In December 2015, Zeigler filed an Amended Complaint [#30], adding claims under the Age Discrimination in Employment Act for discrimination and retaliation based on his age, and asserting that due to Atrius Health's discriminatory and retaliatory acts, Zeigler was compelled to resign from his position on October 23, 2015, constituting constructive discharge. Am. Compl. ¶¶ 90-118 [#30].[1]

On June 20, 2016, Zeigler filed the MCAD complaint ("MCAD Disability Complaint") at issue here, alleging that Atrius Health discriminated against him on the basis of disability. Def.'s SOF ¶ 8 [#194]; Pl.'s SOF ¶ 8 [#200]; Def.'s Mot. Ex. 4 [#194-1]. The MCAD Disability Complaint alleged that Atrius Health constructively discharged Zeigler, but gave the date of the constructive discharge as August 20, 2015, rather than October 23 or 24, 2015. Def.'s Mot. Ex. 4 [#194-1].

---

[1] The parties are in agreement that there is a discrepancy as to the date Zeigler resigned. Def.'s SOF ¶¶ 6-7 [#194]; Mem. in Supp. Pl.'s Opp. Mot. Summ. Judgment ("Pl.'s Opp.") at 5 [#200]. On this resignation letter, Zeigler lists the date as October 24, 2015. Def.'s Mot. Ex. 3 [#194-1]. In the First and Second Amended Complaints in this court, Zeigler lists the day as October 23, 2015. Am. Compl. ¶ 118 [#30]; Second Am. Compl. ¶ 59 [#189]. In the Amended MCAD Disability Complaint, discussed below, Zeigler lists the date as October 24, 2015. Def.'s Mot. Ex. 6 [#194-1]. However, for the purposes of this motion, this one-day discrepancy is immaterial.

2

More than two months later, Atrius Health moved to dismiss the MCAD Disability Complaint, arguing that the complaint was untimely because it was filed more than 300 days after August 20, 2015. Def.'s SOF ¶ 11 [#194]; Pl.'s SOF ¶ 11 [#200]; Def.'s Mot. Ex. 5 [#194-1]. On September 8, 2016, Zeigler opposed the motion to dismiss, arguing that his resignation on October 24, 2015, constituted the constructive discharge, and requested leave to amend to include this date. Def.'s SOF ¶ 12 [#194]; Pl.'s SOF ¶ 12 [#200]; Def.'s Mot. Ex. 6 [#194-1]. In July 2017, the MCAD Investigating Committee denied Atrius Health's motion to dismiss and allowed the amendment of the MCAD Disability Complaint. Def.'s SOF ¶ 13 [#194]; Pl.'s SOF ¶ 13 [#200]; Def.'s Mot. Ex. 7 [#194-1]. Atrius Health subsequently filed an Interlocutory Appeal, which the full MCAD Commission denied on February 12, 2018. Def.'s Mot. Ex. 8 [#194-1].

The court subsequently allowed Zeigler's unopposed motion for leave to file his Second Amended Complaint [#189] which added the claim that Atrius Health constructively discharged him because it perceived him to be disabled, in violation of Massachusetts General Laws Chapter 151B. Second Am. Compl. ¶¶ 119-122 [#189]. Atrius Health's motion for partial summary judgment followed.

II.    Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986)). To the extent facts are disputed, they are considered in the light most

3

favorable to the non-movant and reasonable inferences will be drawn in favor of the non-movant. Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970)) ("[A] court must view the evidence 'in the light most favorable to the opposing party.'"). The moving party must first show "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets this burden, the non-moving party must then "adduce specific facts showing that a trier of fact reasonably could find in his favor." Murray v. Warren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016) (citing Anderson, 477 U.S. at 249-50). "[T]he evidence offered by the adverse party cannot be 'merely colorable' or speculative." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (quoting Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1990)).

III. Discussion

Pursuant to M.G.L. c. 151 § 5, a plaintiff pursuing a state employment discrimination claim must file a complaint with the MCAD "within 300 days after the alleged act of discrimination." Atrius Health argues that over 300 days passed between the date listed for the constructive discharge (August 20, 2015) in the MCAD Disability Complaint and the date the MCAD Disability Complaint was filed (June 20, 2016). Def.'s Mot. at 5 [#194]. Second, Atrius Health argues that over 300 days passed between the date listed in the Amended MCAD Disability Complaint for the constructive discharge (October 24, 2015) and the date Zeigler requested leave to amend his complaint (September 8, 2016). Id. Atrius Health further argues that this court should not apply the Massachusetts "relation-back" doctrine to the amended MCAD Disability Complaint. Id.

In opposition, Plaintiff cites to Green v. Brennan, 136 S. Ct. 1769, 1776 (2016), to argue that the statute of limitations does not begin to accrue for a constructive discharge claim until a

4

plaintiff resigns. Pl.'s Opp. at 4-5 [#200]. In Green, the Supreme Court held that a constructive discharge claim necessarily includes an employee's resignation. 136 S. Ct. at 1776; see also Vélez–Ramírez v. P.R. through Sec'y of Justice, 827 F.3d 154, 158 (1st Cir. 2016) (quoting Green, 136 S. Ct. at 1777) (In order to prevail on a constructive discharge claim, a plaintiff "must show that (1) 'a reasonable person in [her] position would have felt compelled to resign' and (2) '[she] actually resigned.'").[2] Green held further that the statute of limitations on the claim does not commence until after the "complete and present cause of action" – that is, upon the employee's notice of resignation. 136 S. Ct. at 1776 (holding that the 45-day period in which a federal employee must file initiate contact with the equal employment opportunity counselor at his agency does not being to run for a constructive discharge claim until the employee give notice of his resignation). "At that point – and not before – [a plaintiff] can file a suit for constructive discharge. So only after he has a complete and present cause of action does a limitations period begin to run." Id. at 1777.

Here, Zeigler's MCAD Disability Complaint asserted that Atrius Health engaged in discriminatory conduct based on Zeigler's perceived disability when Atrius Health placed him on unpaid leave. Def.'s Mot. Ex. 4, Introduction ("The Complainant, Alan Zeigler, believes that he was discriminated against by Respondents . . . when they 'regarded him as disabled'"); ¶ 63 ("[Defendant] discriminated against [Plaintiff] when they 'regarded' him as having a mental impairment and . . . forced him to take unpaid administrative leave") [#194-1]. Zeigler asserted further that his "placement . . . on indefinite unpaid leave constitutes constructive discharge." Id.

---

[2] Although the constructive discharge claim in Green was brought by a federal employee pursuant to Title VII, "Massachusetts and federal law are in accord in defining a constructive discharge." Luciano v. Coca-Cola Enter., 307 F. Supp. 2d. 308, 320 (D. Mass. 2004); see also Cherkaoui v. City of Quincy, 877 F.3d 14, 29 (1st Cir. 2017) (analyzing constructive discharge under M.G.L. c. 151B and Title VII together).

5

¶ 60. But despite Zeigler's erroneous legal conclusion that the constructive discharge claim was complete when he was placed on leave, under Green, that claim did not accrue until he resigned. 136 S. Ct. at 1777. Instead, Zeigler's constructive discharge claim accrued and the limitation period for filing this claim began when he notified his employer of his resignation on October 24, 2015. Id.

Zeigler's MCAD Disability Complaint asserting a constructive discharge (albeit with the wrong accrual date), filed on June 20, 2016, was filed well within 300 days of that accrual date. And even with the incorrect date of accrual, the June 20, 2016, filing certainly met the purpose of the administrative filing which is "'(1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability." Everett v. 357 Corp., 453 Mass. 585, 600 (2009) (quoting Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531 (2001)). Indeed, had Atrius Health raised the timeliness issue in the response due within 21 days of the filing of the complaint, as directed by the MCAD, see Def.'s Mot. Ex. 4 [#194-1], the date of the alleged constructive discharge could have been clarified within the 300 days.

In any event, when Atrius Health raised the issue two months after the MCAD Disability Complaint was filed, Zeigler promptly requested leave to amend the MCAD Disability Complaint to add his date of resignation. Pursuant to Section 1.10(6) of the Rules of MCAD:

> A complaint or any part thereof may be amended . . . to clarify and amplify allegations made herein. An amendment alleging additional acts constituting unlawful discriminatory practices related to or arising out of the subject matter of the original complaint may be made by Order of the Commissioner. **Amendments shall relate back to the original filing date.**

(Emphasis added). Here, the amendment to Zeigler's MCAD Disability Complaint clarified the constructive discharge claim by adding the date of resignation when, as a

matter of law, the claim accrued. And although the amendment did not alleged additional acts on the part of the employer (but rather, added the date of Zeigler's resignation), Zeigler secured the permission of the Commissioner for the amendment. Under both the MCAD rules and the MCAD order denying the motion to dismiss and allowing the amendment, see Def. Mot. Ex. 7 [#194-1], the amendment was proper and related back to the original filing date.

Atrius Health argues that the relation-back doctrine does not apply because Zeigler knew at the time of his June 2016 filing that he had resigned in October 2015, and that "'[w]hile the rules of 'relation back' are liberal . . . they are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion.'" Def. Mot. at 6 [#194] (quoting Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrimination, 431 Mass. 655, 672 (2000), overruled in part on other grounds by Stonehill Coll. v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549 (2004)). Wynn & Wynn, P.C., however, concerned "additional claims" and additional allegations of wrongful actions. 441 Mass. at 672-73. Here, in contrast, Zeigler's MCAD Disability Complaint attempted to assert a constructive discharge claim and spelled out all of the alleged wrongful actions by the employer at issue; he sought by amendment not to assert a new claim or new wrongful acts of the employer, but to bring in a clarifying fact – the date of his resignation – from which, by operation of law, the constructive discharge claim accrued. This clarification falls squarely within the MCAD Rules for amending complaints in that forum, as well as both Massachusetts and Federal rules for amending complaints in court. See Mass. R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or

occurrence set forth **or attempted to be set forth in the original pleading**, the amendment . . . relates back to the original pleading" (emphasis added); Fed. R. Civ. P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – **or attempted to be set out** – in the original pleading . . .") (emphasis added).[3]

Accordingly, this court finds that Zeigler's MCAD Disability Complaint alleging a constructive discharge was filed within 300 days of the resignation triggering the start of the limitations period for filing that complaint, that the amendment adding the date of his resignation relates back to the original filing date, and that Count Seven of the Second Amended Complaint [#189] is not barred by the statute of limitations.

IV.     Conclusion

For the foregoing reasons, Defendant Atrius Health, Inc.'s Motion for Partial Summary Judgment as to Count Seven of the Second Amended Complaint [#193] is DENIED.

IT IS SO ORDERED.

Date: September 5, 2018                                    /s/ Indira Talwani
                                                           United States District Judge

---

[3] Massachusetts law provides further that "[i]n all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading." M.G.L. ch. 231, § 51.